IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
March 30, 2010 Session

## JAMES MARK THORNTON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Cocke County**
**No. 0863      Ben W. Hooper, Judge**

_____

**No. E2009-00399-CCA-R3-HC - Filed July 15, 2010**

_____

The petitioner, James Mark Thornton, appeals from the denial of his petition for writ of habeas corpus wherein he challenged his judgments in Cocke County case numbers 6617, 6618, 6820, and 9827. In this appeal, the petitioner claims entitlement to habeas corpus relief on the basis that he received concurrent sentences when consecutive sentences were statutorily required. He also contends that he should be permitted to withdraw his guilty pleas in each of the four cases because the concurrent sentence alignment was a bargained-for element of each plea. We agree that the judgment in case number 6820 is void, but because the petitioner has failed to establish that he is restrained of his liberty by virtue of the void judgment, we affirm the denial of habeas corpus relief.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Wesley D. Stone, Brentwood, Tennessee, for the appellant, James Mark Thornton.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; James B. Dunn, District Attorney General; and Brownlow Marsh, Assistant District Attorney, for the appellee, State of Tennessee.

**OPINION**

On February 19, 2008, the petitioner, then incarcerated in the federal penitentiary in Manchester, Kentucky, by virtue of a 327-month sentence imposed by the United States District Court for the Eastern District of Tennessee at Greeneville, filed a petition for writ of habeas corpus in the Cocke County Circuit Court challenging his

convictions in Cocke County case numbers 6617, 6618, and 6820 on grounds that the community corrections sentence imposed in each case was "facially illegal." The petitioner noted that he did not "argue the court[']s judg[]ment" and did "not move to vacate" the judgments in case numbers 6617 or 6618 but instead sought specific performance of the State's alleged agreement to "expung[e] case No: 6820" so that he could "be placed in lower security facilities and programs for rehabilitation." He moved the court "to invoke it[]s inherent authority, and enter an order expunging Case No: 6820 as it merely fulfills the terms agreed upon by all parties. Such an order is not a burden on the State, and would end litigation without further resources of the court being used."

On March 14, 2008, the State filed a motion to dismiss the petition, claiming that the petitioner was not entitled to state habeas corpus relief for his federal conviction, that the petitioner had failed to establish that the challenged judgments were void or that his state sentences had expired, and that the petitioner had failed to follow the mandatory statutory requirements for filing his petition. *See* T.C.A. § 29-21-105, -107 (2000). The State noted that the petitioner had failed to attach copies of his judgments, had failed to specify whether he had previously challenged the judgments, had failed to verify his allegations by signed affidavit, and had failed to file the petition in the court most convenient to the location of his incarceration. Finally, the State argued that the petition failed to state cognizable grounds for habeas corpus relief.

On April 7, 2008, the petitioner filed a pleading styled "Petitioner[']s Traverse To State's Return" wherein he again asked the habeas corpus court's "assistance in vacatur of Case No[.] 6820 as promised by the State for pleading guilty" and claimed that "the parent pleading is sufficient for this court to make a reasoned decision" to "enforce the terms promised by the state in regard to Case no: 6820, and vacate the conviction."

On July 10, 2008, the habeas corpus court entered an order appointing counsel and scheduling an evidentiary hearing, concluding that "an evidentiary hearing must be conducted" to "determine whether the petitioner is entitled to relief." On December 29, 2008, appointed counsel filed an "Amended Petition For Writ Of Habeas Corpus or, Alternatively, Motion to Correct Clerical Error." In the pleading, the petitioner alleged that he was serving an effective eight-year sentence on case numbers 6617, 6618, and 6820 concurrently with a 327-month federal sentence in federal custody. The petitioner claimed that the judgment in case number 6820 was void because it ordered that he serve the eight-year sentence imposed in that case concurrently to the effective eight-year sentence imposed in case numbers 6617 and 6618 when consecutive service was required. The petitioner claimed that consecutive service of the eight-year sentence in case number 6820 was required because he was on bond in case numbers 6617 and 6618 when he committed the offenses in case number 6820. He also asserted that because "the concurrent nature of the sentence was

-2-

a condition to the plea, [the petitioner] is entitled to withdraw his guilty plea." As an alternative to habeas corpus relief, the petitioner alleged

> that 6617 and 6618 involved the same transaction, were intended to be consolidated into one case and one count, and 6820 was intended to [be] dismissed and the transcript of the plea will bear that out. Petitioner requests amendment of the [j]udgment to reflect that agreement and avers that the [j]udgment that stands is apparently a clerical error.

The petitioner appended to the amended petition the judgments of conviction for case numbers 6617, 6618, and 6820, which provide as follows:

| Case Number | Count | Conviction | Sentence / Alignment |
|---|---|---|---|
| 6617 | 1 | Sale of cocaine | Eight years, to be served as 90 days incarceration and the balance on community corrections |
| 6617 | 2 | Delivery of cocaine | Merged into count one |
| 6617 | 3 | Conspiracy to sell cocaine | Six years, to be served concurrently to count one |
| 6618 | 1 | Sale of cocaine | Eight years, to be served concurrently to case number 6617 |
| 6618 | 2 | Delivery of cocaine | Merged into count one |
| 6618 | 3 | Conspiracy to sell cocaine | Six years, to be served concurrently to count one of 6618 and case number 6617 |
| 6820 | 1 | Possession of cocaine with intent to sell | Eight years, to be served concurrently to case numbers 6617 and 6618 |
| 6820 | 2 | Possession of cocaine with intent to deliver | Merged with count one of 6820 |

Each judgment bears a sentence-imposed date of June 14, 2000, and the attached plea

-3-

agreement indicates that the agreement between the parties was memorialized on that date. The agreement, which bears the case numbers 6617, 6618, and 6820, provides:

> All Cases concurrent to each other.  8 years T.D.O.C. on B felonies and $2,000 fines on each.  6 years T.D.O.C. on C felonies and $2,000 fine on each.  Sentences to be served in Community Corrections with exception of 90 days, day for day, in County Jail.  Pretrial Jail Credit per Cocke Co. Jail records.

The indictments attached to the petition establish an offense date of January 7, 1995, in case number 6617; an offense date of January 10, 1995, in case number 6618; and an offense date of October 13, 1996, in case number 6820.  Further documentation attached to the petition established that the petitioner was on bond in case numbers 6617 and 6618 when he committed the offenses in case number 6820.

At the January 27, 2009 hearing on the petition for writ of habeas corpus, the petitioner's counsel argued that the judgment in case number 6820 was void by virtue of the illegal concurrent sentencing alignment and that he was entitled to withdraw his guilty pleas in case numbers 6617, 6618, and 6820 because they were disposed of by the global plea agreement providing for a total effective sentence of eight years.  The State argued that the defendant was not entitled to habeas corpus relief because he was not restrained of his liberty by virtue of the judgments in case numbers 6617, 6618, or 6820.  The State observed that according to a judgment entered on September 27, 2006, the petitioner pleaded guilty in case number 9827 on July 13, 2006, to one count of possession with intent to sell 300 or more grams of cocaine in exchange for a sentence of 25 years "'[t]o run coterminous with the [327-]month federal sentence.'"  The State noted that the judgment for case number 9827, which provided for the 25-year sentence to be served concurrently with the effective eight-year sentence imposed in case numbers 6617, 6618, and 6820, also stated in the "special conditions" that the state sentences were "to be suspended to time served so that the defendant can begin his federal sentence."  The State also presented judgments filed in case numbers 6617, 6618, and 6820 on July 13, 2006, the same date the petitioner entered his plea in case number 9827, and which provided a sentence-imposed date of July 13, 2006.  Two judgments for the violation of "probation" in case number 6617 filed on that same date provided that the petitioner was "ordered to execute [the] sentence."

The State argued, "Your Honor, there is no state conviction for him to complain of because, according to the orders of this court, he's flattened those sentences out."  The State asserted that the trial court had suspended the entire 25-year sentence imposed in case number 9827, and by implication the eight-year effective sentence in the remaining cases, in order to "clean out all of this state time so he could start serving his

-4-

federal sentence. And . . . the federal jurisdiction would not have taken him into custody if he still had state time that he had to serve." The habeas corpus judge, who presided over the petitioner's guilty plea in case number 9827, stated that he did "recall that all of this entire procedure was designed to let him go ahead and start" serving his 327-month federal sentence.

After hearing the arguments of counsel, the habeas corpus court ruled that the petitioner had failed to establish that he was restrained of his liberty by virtue of his state convictions. The court observed, however, that should the petitioner establish such restraint, the judgment in case number 6820 was indeed void as it contained an illegal sentence. The court further observed that if the petitioner was on bond or probation when he committed the offense in case number 9827, that judgment would likewise be void.

Amended judgments filed in case numbers 6617, 6618, and 6820 on September 27, 2006, were included as a supplement to the record in this court. These judgments, which indicate they were being rendered after the court concluded that the petitioner had violated his "probation" in those cases, provide that the original eight-year effective sentence was to be served concurrently with the 25-year sentence imposed in case number 9827. These judgments, like the one entered in case number 9827, contain the following language: "To run coterminous with the 327[-]month federal sentence. State sentence to be suspended to time served so that the defendant can be handed over to begin his federal sentence." A global plea agreement bearing all relevant case numbers and disposing of the violation warrants in case numbers 6617, 6618, and 6820 as well as the possession of cocaine charge in 9827 provides:

> 25 years on possession with intent to sell as a Range I offender concurrent with his sentence in federal court. Probation violation: Def[endant] will execute his sentence which will run concurrent with his federal sentence and the possession for resale charge herein #9827. If Defendant receives a time cut in the federal court[,] his sentence in this case will be cut to the same amount of time. Including if the percentage on the federal sentence is dropped; the state sentence will be cut in the same manner so as to be flat on completion of his federal sentence.

Yet another amended judgment for count three of case number 6617 filed on July 31, 2009, provides that the petitioner's sentence, which the trial court ordered him to execute on July 13, 2006, was suspended to time served.

In this appeal, the petitioner asserts that he is restrained of his liberty by virtue

of his convictions in case numbers 6617, 6618, 6820, and 9827 and that the judgments in case numbers 6820 and 9827 are void because they provide for concurrent sentencing where consecutive sentencing is statutorily required. The petitioner further asserts that because the illegal sentences in these cases were a material, bargained-for element of a global plea agreement covering case numbers 6617, 6618, 6820, and 9827, he should be permitted to withdraw each of his guilty pleas. The State argues that the petitioner is not entitled to habeas corpus relief in case numbers 6617, 6618, and 6820 because the eight-year sentence imposed for those cases has expired. The State also contends that the judgment in case number 9827 is not void because consecutive alignment of that sentence was not required by law. In response to the State's argument, the petitioner also argues, for the first time on appeal, that the judgment in case number 9827 is illegal because it provides for concurrent alignment of the 25-year sentence with the petitioner's federal sentence in contravention of Tennessee Rule of Criminal Procedure 32(c)(2)(B).

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2000). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in the petitioner's case the trial court apparently had jurisdiction over the *actus reus*, the subject matter, and the person of the petitioner, the petitioner's jurisdictional issues are limited to the claims that the court was without authority to enter the judgments. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the

-6-

person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned.").

In addition to the various procedural requirements for the prosecution of a petition for writ of habeas corpus contained in the Code, *see generally* T.C.A. §§ 29-21-105 to -112, our supreme court has held that "[t]he petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition." *Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007). "In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions." *Id.* When a petitioner fails to attach to his petition sufficient documentation supporting his claim of sentence illegality, the habeas corpus court may summarily dismiss the petition. *Id.*

Both the State and the petitioner have made new claims regarding the status of the petitioner's custody for the first time on appeal, with the State claiming that the sentences have expired and the petitioner claiming new illegality in case number 9827. In addition, the entire supplemental record on appeal is comprised of evidence never considered by the habeas corpus court. To further cloud the issues, at oral argument neither party could state with certainty whether the trial court possessed the jurisdiction to enter the September 27, 2006 amended judgments in case numbers 6617, 6618, or 6820.

The record before us clearly establishes that the petitioner was on bond in case numbers 6617 and 6618 when he committed the offenses in case number 6820. In consequence, the law required that the petitioner serve the eight-year sentence imposed in case number 6820 consecutively to the effective eight-year sentence imposed in case numbers 6617 and 6618. *See* T.C.A. § 40-20-111(b) (2006); Tenn. R. Crim. P. 32(c)(B)(3). Because the judgment provided for concurrent alignment of the three effective eight-year sentences, the judgment in case number 6820 is void. That being said, however, the record does not conclusively establish that the petitioner is still restrained of his liberty by virtue of that judgment, which is a prerequisite to habeas corpus relief.

The requirement that the petitioner must be "imprisoned or restrained of liberty" by the challenged convictions is essentially a requirement of standing to bring an action in habeas corpus and operates independently of the merits of the substantive claim of voidness. *See Benson v. State*, 153 S.W.3d 27, 31 (Tenn. 2004) ("A statutory prerequisite for eligibility to seek habeas corpus relief is that the petitioner must be 'imprisoned or restrained of liberty' by the challenged convictions."). It is well-settled that habeas corpus relief will not lie where the sentence for the challenged conviction has been served and has expired. *See id.*

In this case, even though no fewer than three judgments per conviction were included in the record at some point, it is impossible to determine what portion of the total effective eight-year sentence, which was originally imposed in 2000, the petitioner has served. The original judgments establish that the petitioner was entitled to some amount of pretrial jail credit, that he was to serve 90 days' incarceration, and that he was to serve the balance of his sentence on community corrections. *See* T.C.A. § 40-36-106(e)(4); *Carpenter v. State*, 136 S.W.3d 608, 612 (Tenn. 2004) (observing that "a defendant whose community corrections sentence is revoked is entitled to credit toward the sentence for time spent in community corrections prior to the revocation"). Moreover, the habeas corpus court apparently believed that the petitioner had, indeed, completed his state sentences and was no longer restrained of his liberty by virtue of the state convictions based upon its independent recollection of the intentions of the parties in September 2006.[1] Finally the petitioner, in his brief, states that, as far as the Department of Correction is concerned, the petitioner "does not owe the State of Tennessee any time." Under these circumstances, it is likely that the petitioner's eight-year sentence in case number 6820 has expired and that he is no longer restrained of his liberty by virtue of that judgment.

Given the current state of the record, we cannot determine whether the petitioner is restrained of his liberty by virtue of the void judgment in case number 6820. Because the petitioner's establishing that he is restrained of his liberty by virtue of the challenged conviction is a threshold requirement to seek habeas corpus relief and because the petitioner has failed to affirmatively establish that he is restrained of his liberty by the convictions in case number 6820, we affirm the denial of habeas corpus relief despite that the judgment in that case is void.

With regard to the judgment in case number 9827, it would appear that, given the offense date of April 18, 2005, the petitioner committed that offense while on some form of release, be it probation or community corrections, from the eight-year sentence imposed in case numbers 6617, 6618, and 6820 in 2000. The concurrent alignment of this sentence with the eight-year sentence would be illegal, however, only if the petitioner were on parole or bail or if he failed to disclose the previous eight-year sentence to the court. *See* Tenn. R. Crim. P. 32(c)(3)(A),(C). There is no support for either scenario in the record. Thus, although it appears that the petitioner remains restrained of his liberty by virtue of the conviction in case number 9827, he has failed to establish that that judgment is void.

---

[1]There is no support for the State's position during the evidentiary hearing, or the habeas corpus court's conclusion, that the petitioner had "flattened" all of his state sentences. Despite the notation in the 2006 judgments that all the sentences were suspended to "time served," the 25-year sentence imposed in case number 9827 was imposed in 2006, and no provision of law would provide for its expiration at this point in time.

In sum, the record establishes that the judgment in case number 6820 is void because the trial court ordered concurrent sentencing where consecutive sentencing was required. The record, however, fails to establish that the petitioner is restrained of his liberty by virtue of this conviction. The record further establishes that the concurrent alignment of the 25-year sentence imposed in case number 9827 does not render that judgment void.

Accordingly, the judgment of the habeas corpus court denying relief is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE